UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHAVEZ D PRICE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-312 |
| | § | |
| DAVID BLACKWELL, *et al*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND ORDER OF DISMISSAL

Chavez D. Price (TDCJ #821134), a state inmate, has filed a complaint under 42 U.S.C. § 1983 against Defendants Warden Blackwell, Major Sanchez, and Lt. Walker, all of whom work at the Darrington Unit. This case was transferred from the Beaumont Division of the Eastern District of Texas. Plaintiff proceeds *pro se* and *in forma pauperis*. After screening plaintiff's complaint as required by 28 U.S.C. §1915A(a), the Court concludes that this case must be dismissed for failure to exhaust administrative remedies.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible

1

*sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A plaintiff proceeding pursuant to section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). In this case, the plaintiff claims that the defendants failed to protect him against an attack by inmate Amir Williams. Plaintiff alleges he was injured by the assault and seeks monetary damages. Plaintiff included a copy of a Step One and Step Two grievance, but they are wholly unrelated to the claims made the basis of this lawsuit.

Plaintiff notes on page three of his complaint that he has not exhausted both steps of the grievance procedure. (ECF No. 1). As such, this cause of action is subject to summary dismissal for failure to exhaust the administrative grievance process. Under the Prison Litigation Reform Act of 1996 (PLRA), an inmate is required to exhaust administrative remedies for all "action[s] . . . brought with respect to prison conditions" before filing a civil rights suit in federal court under 42 U.S.C. § 1983 or "any other Federal law." 42 U.S.C. § 1997e(a). The Supreme Court has repeatedly emphasized that § 1997e(a) mandates exhaustion of *all* administrative procedures before an inmate can file any suit challenging prison conditions. *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Woodford v. Ngo*, 548 U.S. 81 (2006); *see also Jones v. Bock,* 549 U.S. 199 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims

cannot be brought in court"). Consistent with Supreme Court precedent, the Fifth Circuit has also mandated that a prisoner must exhaust his administrative remedies by complying with applicable grievance procedures before filing a federal civil rights lawsuit related to prison conditions. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

TDCJ has a formal, two-step administrative grievance process. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998) (outlining the two-step procedure which, at Step One, entails submitting an administrative grievance at the institutional level, followed by a Step Two appeal if the result is unfavorable). A Step One grievance, which is reviewed by officials at the inmate's assigned facility, must be filed within fifteen days of the alleged incident or challenged event. *See Johnson*, 385 F.3d at 515. If an inmate receives an unfavorable response to his Step One grievance, he then has ten days to appeal by filing a Step Two grievance. *Id.* Step Two grievances are reviewed at the state level. *Id.* A Texas prisoner must pursue both steps to satisfy the exhaustion requirement. *Id.*

In this case, Price acknowledges that at the time he filed this lawsuit on October 12, 2012, he had not exhausted both steps of the administrative grievance procedure. This is a violation of the PLRA's exhaustion requirement. 42 U.S.C. §1997e(a). Moreover, plaintiff is precluded from properly exhausting the grievance process in the future with respect to these claims because the institutional limitation period for doing so has expired. Accordingly, this case must be dismissed for failure to exhaust administrative remedies.

The Court would also note that plaintiff has filed two motions for an emergency injunction, one before the transfer of this case to this Court (ECF No. 3), and one since the transfer (ECF No. 9). The motions appear to relate to incidents and prison officials at the Stiles Unit in Beaumont, Texas. <u>Accordingly, for purposes of this opinion, only, these two motions (ECF Nos. 2 & 9) are DENIED and DISMISSED without prejudice.</u> Plaintiff is advised that claims regarding incidents or prison officials at the Stiles Unit should be filed in the United States District Court for the Eastern District of Texas, Beaumont Division.

This case is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff

It is so **ORDERED.**

**The Clerk shall provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Ms. Betty Parker.**

SIGNED this 13th day of December, 2012.

_____
Gregg Costa
United States District Judge